UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**DOCKET & FILE**

—————————————————————————X

FRANKLIN MEDLEY,

                     Plaintiff,

    -against-

REO MANAGEMENT 2004, INC.,

                     Defendant.

—————————————————————————X

**MEMORANDUM AND ORDER**
07-CV-0025 (SLT)

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆    JAN 1 6 2007

P.M.
TIME A.M.

TOWNES, U.S.D.J.:

    Plaintiff, appearing *pro se*, files the instant fee-paid action, alleging that the defendant unlawfully evicted him from real property located at 114-40 149th Street in Jamaica, Queens (the "premises"). Plaintiff seeks injunctive and monetary relief. For the reasons set forth below, the Court directs plaintiff to submit a written affirmation within thirty (30) days of the date of this Order.

## BACKGROUND

    Plaintiff's two-page complaint contains the following allegations:

> "Unlawful Eviction on February 14, 2005 by REO Management 2004, Inc. who is not the owner of the premises located at 114-40 149th Street, Jamaica New York Block 11979 Lot 25. I am the tenant of Diane Pinnock who is the owner of the [] property and was at the time of this eviction. ... The alleged mortgages against this property were vacated on January 12. 2005 and a judgment against a different property which is located at 114-50 149th Street, Jamaica, New York 11436. ... REO obtained a referee's deed on 114-40 149th Street which is not the property the judgment was against. I am respectfully seeking the amount of $100,000.00 in damages and the return of my property at the Defendant's expense."

Compl. ¶ III. This is not the first time that the premises have been the subject of suit in this Court. Diane Pinnock and Martha Snelling commenced two actions in this Court in 2003 and

2004 in an effort to overturn a judgment of foreclosure entered with respect to the premises by the New York State Supreme Court in *Malinowitz Assocs. Pension Plan v. Snelling*, Queens County Index No. 18977/96. In *Malinowitz Assocs. Pension Plan v. Snelling*, No. 03-CV-6209 (DGT) (E.D.N.Y.), Pinnock and Snelling attempted to remove the state foreclosure action to this Court, and the Court remanded the case to state court on the ground that the removal petition was untimely. *See id.*, slip op. at 2 (E.D.N.Y. Apr. 5, 2004). In *Pinnock v. Unlimited Homes, Inc.*, No. 04-CV-1489 (DGT) (E.D.N.Y.), Pinnock and Snelling attempted to recover possession of the premises, alleging that the defendant unlawfully seized the premises, but this Court dismissed the action for lack of subject matter jurisdiction. *See id.*, slip op. at 5 (E.D.N.Y. May 4, 2004). The state court action remains open.

In the instant action, plaintiff attaches to his complaint documents from the ongoing state foreclosure action under index number 18977/96, and some state court documents refer to a property located at 114-50 149th Street; in a June 18, 2004 motion to the state court, Pinnock and Snelling claim that Snelling has no interest in the property located at 114-50 149th Street. *See* Compl., Exs. However, in schedules to the orders of the state court, the property subject to foreclosure is identified as being located at 114-40 149th Street. *See id.*, Exs. Plaintiff also attaches to his complaint copies of the referee's deed dated July 15, 2005 conveying the premises to the defendant and defendant's notice of eviction to the tenants of the premises.

## DISCUSSION

A.    Standard of Review

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se* his submission should be held "to less stringent standards than formal

pleadings drafted by lawyers." _Hughes v. Rowe_, 449 U.S. 5, 9 (1980). However, a plaintiff

seeking to bring a lawsuit in federal court must establish that the court has subject matter

jurisdiction over this action. _See, e.g., Rene v. Citibank NA_, 32 F. Supp. 2d 539, 541-42

(E.D.N.Y. 1999) (dismissing _pro se_ plaintiff's complaint for lack of subject matter jurisdiction).

B.    Subject Matter Jurisdiction

As a preliminary matter, the Court notes that challenges to an eviction are normally

pursued in state court. _See MRM Mgmt. Co. v. Ali_, No. 97-CV-1029 (SJ), 1997 WL 285043, at

*1 (E.D.N.Y. May 27, 1997) (remand of summary eviction proceeding to state court based on

principles of comity and federalism). In any event, plaintiff fails to establish that this Court has

jurisdiction over the instant complaint. The subject matter jurisdiction of the federal courts is

limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C.

§1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy

exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or

the court _sua sponte_, at any stage of the proceedings, may raise the question of whether the court

has subject matter jurisdiction." _United Food & Commercial Workers Union, Local 919, AFL-_

_CIO v. CenterMark Props. Meriden Square_, 30 F.3d 298 (2d Cir. 1994) (quoting _Manway_

_Constr. Co. v. Hous. Auth. of City of Hartford_, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover,

"[w]here jurisdiction is lacking ... dismissal is mandatory." _Id._; _see_ Fed. R. Civ. P. 12(h)(3).

Plaintiff invokes this Court's jurisdiction pursuant to § 1332. Compl. ¶ II. While

plaintiff and defendant are from different States, _id._ ¶ I, plaintiff fails to satisfy the amount in

controversy requirement of § 1332. "A party invoking the jurisdiction of the federal court has the

burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the

statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Additionally, "with mounting federal case loads, ... it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" *Tongkook*, 14 F.3d at 784 (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (parentheticals in original). Plaintiff attaches to his complaint the July 15, 2005 Referee's Deed, whereby the premises were conveyed to the defendant for $242,250. *See* Compl., Ex. Nevertheless, plaintiff is a tenant, not an owner, of the premises, and his request of $100,000 is not based on actual, non-speculative damages. Thus, the Court is not satisfied that it is reasonably probable that he can recover more than $75,000 in this action. However, "[b]efore determining that the amount in controversy requirement has not been met, the court must afford the opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible." *Chase Manhattan Bank*, 93 F.3d at 1070 (quotations omitted). Accordingly, plaintiff shall be afforded an opportunity to establish that this Court has jurisdiction over his complaint. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## CONCLUSION

Plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this order why the Court should not dismiss his complaint for lack of subject matter jurisdiction. As described above, if plaintiff wishes to proceed under the diversity statute, he

4

must establish that "recovery in excess of [$75,000] is reasonably possible." *Chase Manhattan Bank*, 93 F.3d at 1070 (quotations omitted). All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to show cause within the time allotted, plaintiff's action shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/ SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2007
Brooklyn, New York

5